Argued April 7, reargued July 10, reversed August 23, 1967

MORRISS, *Appellant, v.* MORRISS, *Respondent.*

430 P. 2d 995

*Nathan J. Ail,* Portland, argued the cause and filed the brief for appellant.

*Robert A. Leedy,* Portland, argued the cause for respondent. With him on the brief were Barzee, Leedy & Tassock, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

The husband appealed from the decree of the trial court denying him a divorce and granting one to his wife. The suit was filed in April of 1965, after more than 17 years of marriage. The parties had no living children.

The husband alleged as a ground for divorce that his wife had associated with other men without his consent. The most recent occasion claimed was in 1964 when the husband testified he observed a man meet his wife at her place of work at about 9 o'clock in the evening. From there the man and his wife drove in her car to the man's apartment where the husband kept the car under observation until 3 o'clock in the morning. He further stated that it was still there the next afternoon and that she did not return home until 5 o'clock that evening. The wife's version of the occurrence was that she had been at a friend's house where the man in question was present; that she had taken a sleeping pill which worked much faster than anticipated, and had been rendered unable to drive. As a result the man drove her car to his apartment

and she stayed someplace else. She gave no reason why the man used her car nor did she specify where she stayed. She admitted she had "kissed" and "necked" with the man, that they knew that the husband sometimes followed them, and that they got "kind of a kick out of it." Other indiscretions by the wife were claimed, but they were of ancient vintage and obviously forgiven.

■■ By her own admission, the wife was guilty of actions that fall short of the standard of conduct for a dutiful wife. Moreover, her explanation of the specific accusation set forth above is incredible and shows lack of imagination. We find that the wife was guilty of grounds for divorce as alleged by the husband and that she therefore is not entitled to a divorce. The remaining question is whether the husband is in *pari delicto* and therefore also not entitled to a divorce.

To support her prayer for divorce the wife alleged that the husband had consorted with other women. As proof, she testified that in 1954 she had seen her husband come from an apartment house where he was staying while separated from her, and that he was accompanied by a woman occupant of the same apartment house who subsequently told the wife that the husband had given the impression that he intended to divorce the wife and marry her. The wife also testified that she believed her husband had girl friends because he frequently dieted and he must have had some special reason therefor. By 1965, however, any dietary indiscretions occurring in 1954 had been forgiven by a wife who continued to live with her husband. Clearly the foregoing testimony is insufficient evidence to support a divorce.

The wife also alleged that the husband gave his time and attention to men friends and was physically

abusive to her. There was no evidence to support either accusation.

As a final ground for divorce the wife alleged that the husband had been guilty of gross extravagance and financial irresponsibility in that he refused to seek steady employment and instead embarked on "get rich quick" schemes which uniformly failed. The evidence disclosed that the events of the early years of the marriage amply demonstrated that the husband was less than a financial genius. By mutual consent, for many years prior to the filing of these proceedings, the husband's pay checks went to the wife, who deposited them and paid the bills. She handled the family's finances. She claimed that during the nearly 18 years of marriage the husband received no pay checks for a total of three years. He was a salesman by profession and had many employers. From time to time he would enter into business ventures of his own which were uniformly disastrous. The record does not clearly indicate whether these periods of attempted self-employment were included in the total three-year period during which the wife claimed the husband received no pay checks. The records of the husband's earnings, however, indicated no protracted period of unemployment. The yearly earnings were fairly uniform, and they tended to increase as the years went by. His lowest yearly income in the last ten years was $4,400, and the wife seriously disputed the record for only one of these years. The wife also testified that twice the husband had borrowed money without telling her first, and, later it had been necessary for her to help repay the sums borrowed. One time he borrowed $350 and the other time $500. The evidence fails to disclose with certainty when during the marriage the loans were incurred.

■ While the husband was no businessman, the financial transgressions which the record supports are insufficient to constitute grounds for divorce, particularly since they were not shown to have been of recent occurrence. The husband, though far from being an ideal mate, was not proven to have been guilty of conduct placing him in *pari delicto*.

■ The parties owned a home in which they had an equity estimated to be $13,000. Title was kept in the wife's name. The house was furnished. The wife also had a 1964 Valiant automobile and the parties owned a note receivable of approximately $1,000. Each party had a small amount of money in cash and in the bank and their clothing and personal effects. The trial court awarded the automobile and the household effects and furniture to the wife. The husband received the note receivable. Both parties were awarded their respective clothing, personal effects and money. The wife was awarded the equity in the house subject to a $2,500 lien in favor of the husband which was payable in 30 months. This court believes that the trial court's judgment concerning the distribution of the property should remain undisturbed. The wife is receiving a substantially greater portion of the parties' property than is the husband if the somewhat sketchy estimate of the value of the home is correct. However, the record clearly indicates that the parties' accumulation of property was principally attributable to the wife's efforts and frugality and we therefore do not care to disturb the trial court's distribution.

It is the decree of this court that the trial court is reversed and the husband is awarded a decree of divorce. Disposition of the property of the parties will remain as decreed by the trial court.